

**Sidney L. THAYER, Claimant–Appellant,**

v.

**Anthony J. PRINCIPI, Secretary of Veterans Affairs, Respondent–Appellee.**

**Syble M. Vaughn, Claimant–Appellant,**

v.

**Anthony J. Principi, Secretary of Veterans Affairs, Respondent–Appellee.**

**W.T. Sumner, Claimant–Appellant,**

v.

**Anthony J. Principi, Secretary of Veterans Affairs, Respondent–Appellee.**

**No. 02–7012, 02–7019.**

United States Court of Appeals, Federal Circuit.

DECIDED: Aug. 20, 2002.

*ORDER*

RADER, Circuit Judge.

Sidney L. Thayer moves to voluntarily dismiss appeal 02–7012 in light of this court's recent decision in *Brickwood Contractors, Inc. v. United States,* 288 F.3d 1371 (Fed.Cir.2002) ("catalyst theory" does not support award for attorney fees under the Equal Access to Justice Act).

In the past several months, this court stayed proceedings in numerous appeals pending a decision in *Thayer v. Principi,* 02–7012, *Vaughn v. Principi,* 02–7019, and *Sumner v. Principi,* 02–7169. The Court of Appeals for Veterans Claims treated *Thayer, Vaughn* and *Sumner* as lead cases and relied on those cases in deciding numerous other appeals concerning applications for attorney fees related to remand orders. Briefs have been filed in this court in those lead cases, and although *Thayer* is now being voluntarily dismissed, the previously filed briefs will include some discussion concerning *Thayer.* Thus, a copy of this order shall be transmitted to the merits panel assigned to hear *Vaughn* and *Sumner,* to inform them of the disposition of *Thayer.*

Accordingly,

IT IS ORDERED THAT:

(1) Thayer's motion is granted. Each side shall bear its own costs in Thayer's appeal.

(2) A copy of this order shall be transmitted to the merits panel assigned to hear *Vaughn* and *Sumner.*

**Eric Jon CASSIE, Petitioner,**

v.

**OFFICE OF PERSONNEL MANAGEMENT, Respondent.**

**No. 02–3310.**

United States Court of Appeals, Federal Circuit.

DECIDED: Aug. 20, 2002.

**ORDER**

The petitioner having failed to pay the docketing fee required by Federal Circuit

Rule 52(a)(1), and to file the required Statement Concerning Discrimination, and to file the brief required by Federal Circuit Rule 31(a) within the time permitted, it is

ORDERED that the petition for review be, and the same hereby is, DISMISSED, for failure to prosecute in accordance with the rules.

**Cindy DEFAZIO, Petitioner,**

v.

**DEPARTMENT OF DEFENSE, Respondent.**

**No. 02–3307.**

United States Court of Appeals, Federal Circuit.

DECIDED: Aug. 20, 2002.

### ORDER

The petitioner having failed to pay the docketing fee required by Federal Circuit Rule 52(a)(1) and the brief required by Federal Circuit Rule 31(a) within the time permitted, it is

ORDERED that the petition for review be, and the same hereby is, DISMISSED,

for failure to prosecute in accordance with the rules.

**Frances T. WOODS, Petitioner,**

v.

**DEPARTMENT OF the AIR FORCE, Respondent.**

**No. 02–3318.**

United States Court of Appeals, Federal Circuit.

Aug. 29, 2002.

Order Vacated, See 2002 Wl 31439801.

### ORDER

The petitioner having failed to pay the docketing fee required by Federal Circuit Rule 52(a)(1), and to file the required Statement Concerning Discrimination, and to file the brief required by Federal Circuit Rule 31(a) within the time permitted, it is

ORDERED that the petition for review be, and the same hereby is, DISMISSED, for failure to prosecute in accordance with the rules.

